**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| FELIX ALBERTO SEIJAS, : | | |
| Petitioner, : | Civil No. 07-5191 (SRC) | |
| v. : | | |
| KIMBERLY ZANOTTI, : | O R D E R | |
| Respondent. : | | |

For the reasons stated in the Opinion filed herewith,

**IT IS on this** ___6___ **day of** ___Feby___, 2008,

**ORDERED** that the part of the Petition suggesting a challenge to Petitioner's order of removal is dismissed for want of jurisdiction; and it is further

**ORDERED** that the remainder of the Petition, being construed as a speculative challenge to a hypothetical future administrative decision, is dismissed as unripe; and it is further

**ORDERED** that the Clerk shall close the file on this 28 U.S.C. § 1651 – Habeas Corpus matter; and it is further

**ORDERED** that the Clerk shall open a new matter for Petitioner (hereinafter "Immigration Action"), and designate the "Cause" of that new matter as "8 U.S.C. § 1421," and the "Nature of the Suit" as "465 – Other Immigration Actions"; and it is further

**ORDERED** that the Clerk shall assign this Immigration Action to the undersigned; and it is further

**ORDERED** that the Clerk shall docket the instant Order in the Immigration Action as Docket Entry No. 1; and it is further

**ORDERED** that, within forty-five days from the date of entry of this Order, Petitioner shall submit to the Clerk (for filing in the Immigration Action) Petitioner's amended 8 U.S.C. § 1421 petition, specifying the particular final administrative decision, if any such decision is in existence, which Petitioner is wishing to challenge; and it is further

**ORDERED** that Petitioner shall detail the nature of his challenges to such final administrative decisions by stating the facts that Petitioner deems pertinent, and do so in a clear manner, providing the Court with chronological order of all events and summaries of all administrative decisions that Petitioner deems pertinent;[1] and it is further

---

[1] At the instant juncture, Petitioner need *not* submit copies of any documents, although he may do so if he so desires. (The Court stresses that Petitioner's chances to obtain a favorable outcome are not affected by Petitioner's submission of actual copies of the documents. All Petitioner needs to do is to state the dates and the nature of these documents, and truthfully summarize their content.) Similarly, Petitioner, being a <u>pro se</u> litigant, need *not* provide the Court with legal arguments or a legal brief, although he may submit such brief if he so desires. However, in the event Petitioner elects to submit a legal brief or any other document setting forth a legal argument, Petitioner should try to: (a) be clear about the point(s) he is wishing to make, and (b) avoid conclusory and accusatory statements, as well as empty rhetoric. (In view of the statements made in Petitioner's instant Petition,

**ORDERED** that, in the event Petitioner fails to submit his amended petition within forty-five days from the date of entry of this Order, Petitioner's 8 U.S.C. § 1421 application to this Court will be deemed withdrawn, and the Clerk will close the Immigration Action without any further notice to Petitioner; and it is finally

**ORDERED** that the Clerk shall serve copies of this Order and Opinion filed herewith upon Petitioner by certified mail, return receipt requested, together with a copy of the docket sheet of the newly open Immigration Action, and close the file in this matter.

_____
**STANLEY R. CHESLER**
**United States District Judge**

---

it appears that Petitioner believes that his chances to obtain a favorable outcome depend on his ability to use legalees or to make an emotional statement. If so, Petitioner errs. The federal courts operate on the basis of law, not emotion; and they give absolutely the same degree of consideration to statements put in simple English as they give to those heavily laden by legalees.)